FILED

2024 JAN -2 AM 11: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

1  Nichole Creary
   540 North Central Ave B-215
2  Glendale CA 91203
   Defendant In Pro Per
3  734-945-0923
   info@jcooklaw.com

4

5

6

7

8

9                 UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  CSCDA Comm. Imp. Auth.,              Case No.: 2:24-CV-00010-GW (BFMx)

13              Plaintiff;               Los Angeles Superior Court,
                                         Pasadena Courthouse
14  v.                                   State Court Case No. 23PDUD03094

15  Nichole Creary,                      Notice of Removal
                                         28 USC § 1441, 1446(d)
16              Defendant.               Cal. Code Civ. Pro. § 430.90

17

18          Defendant Nichole Creary alleges:

19

20  **Jurisdiction**

21          1. Jurisdiction is proper in this case as a federal question, as this eviction

22  arises under the CARES Act, as well as under the federal Fair Housing Act, as

23  discussed below in detail.

24  **Parties and Counsel**

25          2. Defendant Nichole Creary and Plaintiff CSCDA Comm. Imp. Auth. are

26  the parties in a California state court case filed in the Pasadena Courthouse, in Los

                                    1

**Notice of Removal**

1    Angeles County, California, concerning real property located at 540 North Central

2    Ave B-215, Glendale CA 91203, within this court's jurisdiction. Nichole Creary is the

3    only defendant.

4        3. Defendant is the residential tenant of Plaintiff in the premises.

5        4. Defendant is informed and believes that Plaintiff owns the premises

6    subject to a federally backed mortgage loan, who has been granted forbearance, such

7    that under Section 4023(d)of the CARES Act ["Renter protections during

8    forbearance period"], federal law precludes Plaintiff from filing this action for

9    nonpayment, and giving less than 30 days' notice of termination prior to expiration

10    of the forbearance period, which has yet to occur; or in the alternative, Defendant is

11    informed and believe that Plaintiff owns the premises subject to a federally backed

12    mortgage loan, the Violence Against Women Act of 1994, and/or the rural housing

13    voucher program of the Housing Act of 1949 (§542), who has been granted

14    forbearance, such that under Section 4024(b)] of the CARES Act ["Moratorium"],

15    federal law prohibits filing an eviction action for nonpayment, serving less than a 30-

16    day notice of termination or any sooner than expiration of the forbearance period,

17    which has yet to occur.

18        5. While the action is nominally filed as a failure to comply with various lease

19    provisions and/or owner occupancy, these are pretextual and intended to disguise

20    that Plaintiff is filing this eviction due to Defendants' inability to pay rent due to the

21    COVID-19 pandemic. Plaintiff has additionally filed an eviction proceeding in

22    violation of the federal Fair Housing Act, 42 U.S.C. 3601 et seq.

23        6. Plaintiff is represented by local counsel in the state court action: Chris

24    Evans.

25

26    **Federal Question – CARES Act**

2

**Notice of Removal**

1        7. Plaintiff has actually filed a Federal Question action in state court, for

2    which the state court action is removed under 28 U.S.C. § 1441 *et seq.* and *Hunter v.*

3    *Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir 2009); 28 USC 1331.

4        8.  The CARES Act, enacted January 3, 2020, preempts state law as to

5    tenants of landlords who enjoy the forbearance agreement, as to their ability to evict

6    a tenant in violation of the CARES Act. [*Florida Lime & Avocado Growers, Inc. v. Paul*,

7    373 U.S. 132, 142-43 (1963) (concept of limited preemption)]:

8            a. The cause of action for such a landlord requires allegations of

9            compliance with the CARES Act as to the expiration of the Forbearance

10           period, service of at least 30 days' notice of termination, and compliance with

11           the moratorium period, in addition to the other prima facie allegations.

12           b. Whereas under California law, a landlord who has obtained a

13           forbearance agreement to postpone his mortgage payments could still evict

14           the tenants, even though prohibited by the CARES Act.

15           c. Also under California law, a mere 3-day notice to pay or quit is

16           sufficient, despite the CARES Act 30-day notice requirement, even for

17           nonpayment of rent or other charges.

18           d.  The cause of action for evicting a tenant framed by the CARES

19           Act is for ejectment under federal law, due to this change in the law.

20       9. The complaint in this action was filed in state court as an artful pleading,

21   titled as an unlawful detainer case in the state court, but alleging the right to

22   possession under only California law.

23       10.  But the notice upon which the complaint is based fails to satisfy the

24   CARES Act requirements, and must be resolved in federal court.

25       11.  A well-pleaded complaint is shown at least where the plaintiff's right to

26   relief necessarily depends on resolution of a substantial question of federal law.

3

**Notice of Removal**

1    *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir 2009); *Empire Healthcare*

2    *Assurance v. McVeigh*, 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers*

3    *Vacatoin Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint must be

4    based upon the CARES Act, but it was brought in state court, and misnamed

5    "unlawful detainer."

6         12. Even where the cause of action is based on state law, the district court

7    has subject matter jurisdiction over the case if (1) the federal issues are essential to

8    the claims, (2) there is a substantial federal interest in resolving such issues, and (3) a

9    federal forum may entertain the state law claims without disturbing the balance of

10    federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r &*

11    *Mfg.* 545 US 308, 313, 315 (2005).

12         13. Here, the CARES Act is essential to the right of possession, Congress

13    passed it to express its substantial interest in such issues, and the "balance" of

14    judicial responsibilities will not be disturbed. Petitioner's rights to possession require

15    application of the CARES Act, because California law is now superceded by the

16    CARES Act..

17         14. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept of*

18    *Health and Envtl Quality*, 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts

19    to state a cause of action in ejectment, and cannot state a federal cause of action. The

20    CARES Act is that substantial question of law. Plaintiff cannot defeat removal by

21    omitting necessary federal questions in the complaint.

22         15. To be a federal cause of action, there must also be a private right of

23    action. *Merrill Dow Pharms. Inv v. Thompson*, 478 US 804, 817 (1986). It can be either

24    express or implicit. *Diaz v. Davis*, 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008).  The

25    court must look to the "rights creating" language and statutory structure within

26    which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The court

4

**Notice of Removal**

1    must assume that Congress did not intend to create a right without a remedy. *First*

2    *Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

3        16. The four criteria of *Cort v. Ash*, 422 US 66 (1975) are satisfied:

4            a. Defendants are part of the protected class for whom the statute,

5    the CARES Act, was created.

6            b. The rights-creating language of the CARES Act, its context, and

7    the legislative history, *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang*,

8    376 Fed. 3d 831, 836 (2004, 9th Cir), are underscored by

9                i. the language of the CARES Act, particularly §4023(d)9 and

10    4024(b),

11                ii. the lack of any other specified enforcement mechanism

12    [*First Pacific Bancorp Inc v. Helfer*, 224 Fed 3d 1117, 1123 (9th Cir. 2000);

13    *Williams v. United Airlines, Inc.* 500 Fed 3d, 1019, 1024 (9th Cir. 2007)], and

14                iii. the legislative history, particularly the COVID pandemic

15    and its impact on the entire national economy with the intent to protect

16    tenants and homeowners from ouster.

17            c. The cause of action is consistent with the underlying purpose of

18    the law: balancing the rights of the parties.

19            d. The "traditional status" of evictions as a state cause of action is the

20    weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1127

21    (9th Cir. 2000)], particularly where here, as in civil rights legislation, Congress

22    intended to occupy the field and break tradition, with a bold new law

23    intended to protect tenants whose landlords enjoyed the benefits of the

24    mortgage forbearance while failing to fulfill the concomitant obligation not

25    to evict the tenants for whose benefit the forbearance was intended, under

26    the Supremacy Clause.

5

**Notice of Removal**

17. The CARES Act is not a defense, but the entire basis for the action to eject a residential tenant who was unable to pay rent due to the COVID dangers and the governmental restrictions of business closures and staying home. Plaintiff must prove his entitlement to possession under the CARES Act, as to the timing, purpose and procedure established by Congress. Plaintiff cannot state a cause of action to evict such a tenant without framing the prima facie case in the language of the CARES Act. The notice purports to comply with California law, but has in fact patently violated the CARES Act. Under the CARES Act, Plaintiff would be unable to evict any such tenant.

18. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that this action could have been brought in Federal District Court.

**Federal Question – Fair Housing Act**

19. Plaintiff has actually filed a Federal Question action in state court, for which the state court action is removed under 28 U.S.C. § 1441 et seq. and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009); 28 USC 1331.

20. The Fair Housing Act, 42 U.S.C. 3601 et seq., prohibits discrimination by landlords based on family status, and other prohibited factors.

21. Plaintiff's eviction proceeded in violation of the Fair Housing Act by discriminating against him based on family status, as well as other prohibited factors, and then proceeding with filing an unlawful detainer suit. The Fair Housing Act preempts state law as to tenants of landlords who discriminate based on prohibited factors [*Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]. Whereas under California law the landlord may serve a three-day notice to comply, the Fair Housing Act prohibits landlords from

6

**Notice of Removal**

1    doing so. The cause of action in this situation is therefore for ejectment under

2    federal law.

3        22. The complaint in this action was filed in state court as an artful pleading,

4    titled as an unlawful detainer case in the state court, but alleging the right to

5    possession under only California law. The notice upon which the complaint is based

6    fails to satisfy the Fair Housing Act requirements, and must be resolved in federal

7    court.

8        23. A well-pleaded complaint is shown at least where the Plaintiff's right to

9    relief necessarily depends on resolution of a substantial question of federal law.

10   *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare*

11   *Assurance v. McVeigh*, 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers*

12   *Vacatoin Trust for S. Cal.*, 463 US 1, 12, 27-28 (1983). Here, the complaint must be

13   based upon the Fair Housing Act, but it was brought in state court, and misnamed

14   "unlawful detainer."

15       24. Even where the cause of action is based on state law, the district court

16   has subject matter jurisdiction over the case if (1) the federal issues are essential to

17   the claims, (2) there is a substantial federal interest in resolving such issues, and (3) a

18   federal forum may entertain the state law claims without disturbing the balance of

19   federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r &*

20   *Mfg.*, 545 US 308, 313, 315 (2005).

21       25. Here, the Fair Housing Act is essential to the right of possession,

22   Congress passed and reinstated the Fair Housing Act to express its substantial

23   interest in such issues, and the "balance" of judicial responsibilities will not be

24   disturbed. Petitioner's rights to possession require application of the Fair Housing

25   Act, because California law provides for a three-day notice to perform covenants,

26

7

**Notice of Removal**

1   whereas the Fair Housing Act prohibits it where doing so discriminates based on

2   family status, and other prohibited factors, as here.

3       26. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept of*

4   *Health and Envtl Quality*, 213 Fed 3d 1108, 1114 (9th Cir., 2000)], the complaint

5   attempts to state a cause of action in Fair Housing Act ejectment, and cannot state a

6   cause of action in state court for unlawful detainer. The Fair Housing Act is that

7   substantial question of law. Plaintiff cannot defeat removal by omitting necessary

8   federal questions in the complaint.

9       27. To be a federal cause of action, there must also be a private right of

10  action. *Merrill Dow Pharms. Inv v. Thompson*, 478 US 804, 817 (1986). It can be either

11  express or implicit. *Diaz v. Davis*, 549 Fed 3d 1223, 1229-1230 (9th Cir., 2008). The

12  court must look to the "rights creating" language and statutory structure within

13  which it is contained. *Lamie v. United States Trustee*, 540 US 526, 534 (2004). The court

14  must assume that Congress did not intend to create a right without a remedy. *First*

15  *Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir., 2000).

16      28. The four criteria of *Cort v. Ash*, 422 US 66 (1975) are satisfied:

17        a. Defendant is part of the protected class for whom the statute, the

18  Fair Housing Act was created, as a tenant discriminated against based on

19  family status and other prohibited factors.

20        b. The rights-creating language of the Fair Housing Act, its context,

21  and the legislative history, *Opera Plaza Residential Parcel Homeowners Assn. v.*

22  *Hoang*, 376 Fed. 3d 831, 836 (9th Cir., 2004), are underscored by

23          i. the language of the Fair Housing Act,

24          ii. the lack of any other specified enforcement mechanism

25  [*First Pacific Bancorp Inc v. Helfer*, 224 Fed 3d 1117, 1123 (9th. Cir., 2000.);

26  *Williams v. United Airlines, Inc.*, 500 Fed 3d, 1019, 1024 (9th Cir., 2007)], and

8

**Notice of Removal**

1                    iii. the legislative history, particularly the attempt to protect

2    tenants from discrimination.

3              c. The cause of action is consistent with the underlying purpose of

4    the law: balancing the rights of the parties.

5              d. The "traditional status" of evictions as a state cause of action is the

6    weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1127

7    (9th Cir., 2000)], particularly where here, as in civil rights legislation,

8    Congress intended to occupy the field and break tradition, with a bold new

9    law intended to protect tenants from discrimination, under the Supremacy

10    Clause.

11           29.  The Fair Housing Act is not a defense, but the entire basis for the action

12    to eject a bona fide residential tenant. Plaintiff must prove his entitlement to

13    possession under the Fair Housing Act, as to the timing, purpose, and procedure

14    established by Congress. Even without any defense of the Fair Housing Act being

15    raised, Plaintiff cannot state a cause of action to remove such a tenant without

16    framing the prima facie case in the language of the Fair Housing Act. The notice

17    purports to comply with California law, but has in fact patently violated the Fair

18    Housing Act. Under the Fair Housing Act, Plaintiff would be unable to evict any

19    such tenant under the circumstances of this case, because doing so would be

20    discriminating based on family status and other prohibited factors.

21           30. The federal cause of action in ejectment is the basis for this action,

22    irrespective of artful pleading, such that this action should have been brought in

23    federal court.

24

25

26

**Notice of Removal**

**Removed Action**

31. A true and correct copy of the state court complaint of the action sought to be removed to this court and other documents are attached and incorporated by reference.

32. Defendants are entitled to the protection of the CARES Act and of the Fair Housing Act, and entitled to remove this action to federal court.

33. Under California Code of Civil Procedure §430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state court, after which jurisdiction will again attach as described in that statute.

Jan 2, 2024

_____
Defendant
Nichole Creary

10

_____
**Notice of Removal**

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY       STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|
| NAME: Chris Evans #202135/Melissa Hernandez #289773/Manisha Bajaj #293791 FIRM NAME: Kimball, Tirey & St. John LLP STREET ADDRESS: 915 Wilshire Blvd, Suite 1650 CITY: Los Angeles       STATE: CA  ZIP CODE: 90017 TELEPHONE NO.: (213) 337-0050       FAX NO.: (213) 337-0080 EMAIL ADDRESS: LALTElectronicService@kts-law.com ATTORNEY FOR (name): Plaintiff | Electronically FILED by Superior Court of California, County of Los Angeles 8/31/2023 2:33 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Jo-Fung, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 300 EAST WALNUT STREET
MAILING ADDRESS:
CITY AND ZIP CODE: PASADENA, CA 91101
BRANCH NAME: LOS ANGELES SUPERIOR COURT PASADENA / NORTHEAST DISTRICT

PLAINTIFF: CSCDA Community Improvement Authority
DEFENDANT: Nichole Creary
☐ DOES 1 TO

| COMPLAINT - UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| ☒ COMPLAINT   ☐ AMENDED COMPLAINT (Amendment Number): | 23PDUD03094 |

Jurisdiction (check all that apply):
☒ ACTION IS A LIMITED CIVIL CASE
Amount demanded  ☒ does not exceed $10,000.
                 ☐ exceeds $10,000 but does not exceed $25,000.

☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
  ☐ from unlawful detainer to general unlimited civil (possession not in issue).   ☐ from limited to unlimited.
  ☐ from unlawful detainer to general limited civil (possession not in issue).   ☐ from unlimited to limited.

1. PLAINTIFF (name each):
   CSCDA Community Improvement Authority

   alleges causes of action against DEFENDANT (name each):
   Nichole Creary

2. a. Plaintiff is   (1) ☐ an individual over the age of 18 years.   (4) ☐ a partnership.
                     (2) ☒ a public agency.                          (5) ☐ a corporation.
                     (3) ☐ other (specify):

   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
      540 North Central Avenue B-215
      Glendale, CA 91203
      County of Los Angeles
   b. The premises in 3a are (check one)

      (1) ☒ within the city limits of (name of city):  Glendale

      (2) ☐ within the unincorporated area of (name of county):

   c. The premises in 3a were constructed in (approximate year):   2016

4. Plaintiff's interest in the premises is   ☒ as owner   ☐ other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).                                    Page 1 of 4

| Form Approved for Optional Use Judicial Council of California UD-100 [Rev. September 1, 2020] | COMPLAINT - UNLAWFUL DETAINER | Civil Code, § 1940 et seq. Code of Civil Procedure §§ 425.12, 1166 www.courts.ca.gov |
|---|---|---|

CEB® Essential Forms™
ceb.com

**UD-100**

| | |
|---|---|
| PLAINTIFF: CSCDA Community Improvement Authority<br>DEFENDANT: Nichole Creary | CASE NUMBER: |

6. a. On or about *(date):* 01/08/2023
   *defendant (name each):*
   Nichole Creary

   (1) agreed to rent the premises as a ☐ month-to-month tenancy ☒ other tenancy *(specify):* 1 Year
   (2) agreed to pay rent of $ 3,245.00 payable ☒ monthly ☐ other *(specify frequency):*
   (3) agreed to pay rent on the ☒ first of the month ☐ other day *(specify):*
   b. This ☒ written ☐ oral agreement was made with
   (1) ☐ plaintiff. (3) ☐ plaintiff's predecessor in interest.
   (2) ☒ plaintiff's agent. (4) ☐ Other *(specify):*
   c. ☐ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☐ Other *(specify):*
   d. ☐ The agreement was later changed as follows *(specify):*

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*
   f. ☒ *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 *(complete (a) or (b))*

   a. ☒ is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):* Not Applicable
   b. ☐ is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*

   a. ☐ The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).

   b. ☐ The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*

   (1) ☐ waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
   (2) ☐ provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each):*

   c. ☐ Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. ☒ Defendant *(name each):* Nichole Creary

   was served the following notice on the same date and in the same manner:

   (1) ☒ 3-day notice to pay rent or quit      (5) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                      *(not applicable if item 7b checked)*
   (3) ☐ 60-day notice to quit                    (6) ☐ 3-day notice to quit under Civil Code, § 1946.2(c)
   (4) ☐ 3-day notice to quit                        Prior required notice to perform covenants served *(date):*
                                                               (7) ☐ Other *(specify):*

UD-100

| PLAINTIFF: CSCDA Community Improvement Authority | CASE NUMBER: |
|---|---|
| DEFENDANT: Nichole Creary | |

9.  b. (1) On *(date):* 08/22/2023      the period stated in the notice checked in 9a expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.
  c. All facts stated in the notice are true.
  d. ☒ The notice included an election of forfeiture.
  e. ☒ A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
  f. ☐ One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. ☒ The notice in item 9a was served on the defendant named in item 9a as follows:
    (1) ☐ By personally handing a copy to defendant on *(date):*
    (2) ☐ By leaving a copy with *(name or description):*
        a person of suitable age and discretion, on *(date):*      at defendant's
        ☐ residence   ☐ business   AND mailing a copy to defendant at defendant's place of residence
        on *(date):*      because defendant cannot be found at defendant's residence or usual place of business.
    (3) ☒ by posting a copy on the premises on *(date):* 08/17/2023
        ☒ AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
        on *(date):* 08/17/2023
        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
        (b) ☒ because no person of suitable age or discretion can be found there.
    (4) ☐ *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*
    (5) ☐ *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
  b. ☐ *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.
  c. ☐ *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*
  d. ☒ *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11. ☐ *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12. ☒ *At the time the 3-day notice to pay rent or quit was served, the amount of* **rent due** *was $*      3,245.00

13. ☒ *The fair rental value of the premises is $*      108.16 *per day.*

14. ☐ *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15. ☒ *A written agreement between the parties provides for attorney fees.*

16. ☐ *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):*




    Plaintiff has met all applicable requirements of the ordinances.

17. ☒ *Other allegations are stated in Attachment 17.*

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

UD-100

| | |
|---|---|
| PLAINTIFF: CSCDA Community Improvement Authority<br>DEFENDANT: Nichole Creary | CASE NUMBER: |

**19. PLAINTIFF REQUESTS**

a. possession of the premises.

b. costs incurred in this proceeding:

c. [X] past-due rent of $      3,245.00

d. [X] reasonable attorney fees.

e. [X] forfeiture of the agreement.

f. [ ] damages in the amount of waived rent or relocation assistance
as stated in item 8: $

g. [X] damages at the rate stated in item 13 from
*(date):* 09/01/2023
for each day that defendants remain in possession through entry of judgment.

h. [ ] statutory damages up to $600 for the conduct alleged in item 14.

i. [ ] other *(specify):*

20. [X] Number of pages attached *(specify):* 4

### UNLAWFUL DETAINER ASSISTANT  (Bus. & Prof. Code, §§ 6400-6415)

21. [X] *(Complete in all cases.)* An unlawful detainer assistant   [X] did **not**   [ ] did
for compensation give advice or assistance with this form. (*If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on *(date):*

Date: 08/30/2023

Chris Evans              ▶ /s/ Chris Evans
_____        _____
(TYPE OR PRINT NAME)             (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 08/30/2023

                   ▶ See Attachment
_____        _____
(TYPE OR PRINT NAME)             (SIGNATURE OF PLAINTIFF)

CEB Essential Forms
ceb.com

**ATTACHMENT 17**

INFORMATIONAL NOTICE OF TEMPORARY EVICTION PROTECTIONS

In accordance with Federal law, defendant(s) are hereby notified of the following:

**Because of the global COVID-19 pandemic, you may be eligible for temporary protection from eviction under the laws of your State, territory, locality, or tribal area, or under Federal law.**

Learn the steps you should take now:
- Visit **www.cfpb.gov/eviction**
- Or call a housing counselor at 800-569-4287.

Nothing contained in this attachment is intended as, or shall constitute, an admission or waiver of any kind.

This disclosure is provided for informational purposes.

**VERIFICATION**

I, the undersigned, say:

That I am the attorney for the Plaintiff in this action and I make this verification for and on behalf of the party because:

The Plaintiff is absent from the County of Los Angeles, California, where I have my office; I have read the attached Complaint and Supplemental Allegations for Unlawful Detainer and know its contents. I am informed and believe, and on that ground allege, that the matters stated in it are true.

Executed on August 30, 2023 _____ , at Los Angeles, California. I declare under penalty of perjury that the foregoing is true and correct.

*Chris Evans*
KIMBALL, TIREY & ST. JOHN
Attorneys for Plaintiff
By: Chris Evans, SBN 202135

# NOTICE TO PAY RENT OR QUIT

To: Nichole Creary
and all other in possession of the premises located at:
540 N Central Avenue #B-215
Glendale, CA 91203

**WITHIN THREE (3) DAYS, excluding Saturdays and Sundays and other judicial holidays, after the service on you of this notice, you are hereby required to do one of the following:**

(1) **Pay the delinquent rent of the premises described herein, of which you now hold possession, as follows:**

| Date Amount Became Due | Amount |
|---|---|
| **August 1st, 2023** | $ 3,245 |
| **Total Delinquent Rent:** | $ 3,245 |

This notice does not demand rent or other payments owed prior to October 1, 2021, and Landlord reserves the right to pursue those amounts in accordance with the law.

Payment must be delivered as follows *(check all that apply and fill in the appropriate blanks for the checked sections only)*:

☒ By mail to: 633 N Central Ave., Glendale, CA 91203
☒ By delivering in person to: *Eulalia Francisco* or any available personnel at 633 N Central Ave., Glendale, CA 91203 between the hours of 10:00 am - 5:00 pm on the following days of the week Monday - Friday. Said employee may be reached by telephone at 818-507-8133.
☒ To the 24-hour drop box located at the on-site rental office
☐ By electronic funds transfer procedure previously established

Name of an Agent for Landlord: *Eulalia Francisco*
Telephone Number: *818-507-8133*

(2) **Or deliver up possession of the premises described herein to** *CSCDA Community Improvement Authority*, **who/which is authorized to receive the same.**

If you fail to perform or otherwise comply with this Notice, the Owner/Agent does hereby elect to declare the forfeiture of your Rental Agreement under which you hold possession of the above-described premises and will institute legal proceedings against you to recover possession of said premises and to recover all delinquent rent demanded herein, court costs and attorneys' fees as permitted by law.

Dated: *8/17/2023*

By: *Eulalia Francisco*
Agent for Landlord/Owner

# EXHIBIT 2

[For Landlord Use Only]
**PROOF OF SERVICE**

Document(s) served: **NOTICE TO PAY RENT OR QUIT**

Parties served: Nichole Creary
and all tenants, subtenants, and others in possession

Subject property: 340 N. Central Ave #H 25 Glendale, CA

Date of service: 5/17/23                              91205

I served copies of the above-referenced document(s) in the manner indicated below:

☐ **BY PERSONAL SERVICE**. On the date set forth above, I personally delivered copies of the document(s) to the following occupant(s): _____

☐ **BY SUBSTITUTED SERVICE**. On the date set forth above, I left copies of the document(s) for each of the above-referenced occupant(s) with _____ _____ , a person of suitable age and discretion at the residence or usual place of business of the occupant(s), each being absent therefrom (except to the extent any occupants were served by personal service, see above); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

☒ **BY POSTING AND MAILING**. On the date set forth above, I posted copies of the document(s) in a conspicuous place on the above-referenced property, there being no person of suitable age or discretion to be found at any known place of residence or business of the occupant(s); AND I mailed copies to each occupant by first class mail on said date by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at the place where the property is situated.

At the time of service, I was at least 18 years of age.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and if called as a witness to testify thereto, I could do so competently.

Executed on 5/11/23 (date) in Glendale (city), California.

Signature: Catalina Fronson

Print Name: Catalina Fronson

**EXHIBIT 3**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>KIMBALL, TIREY & ST. JOHN, LLP<br>CHRIS J. EVANS, ESQ. (SBN 202135)<br>915 WILSHIRE BLVD STE 1650<br>LOS ANGELES, CA 90017<br>TELEPHONE NO.: (213) 337-0050        FAX NO.: (213) 337-0080<br>E-MAIL ADDRESS *(Optional):* chris.evans@kts-law.com<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES<br>STREET ADDRESS:   300 E WALNUT ST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   PASADENA, 91101<br>BRANCH NAME:   PASADENA | |
| PLAINTIFF / PETITIONER:   CSCDA Community Improvement Authority<br>DEFENDANT / RESPONDENT:   Nichole Creary;All Unnamed Occupants; | CASE NUMBER:<br>23PDUD03094 |
| **PROOF OF SERVICE** | Ref. No. or File No.:<br>9490566 (23-4188065) |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the:
   Civil Case Cover Sheet;Summons - Unlawful Detainer - Eviction;Prejudgment Claim of Right to Possession;Complaint - Unlawful Detainer;Plaintiff's Mandatory Cover Sheet and Supplemental Allegations;Civil Case Coversheet Addendum and Statement of Location

3. Party served: Nichole Creary

4. Address where the party was served:
   540 North Central Avenue B-215
   Glendale, CA 91203

5.b.I served the party on: DATE: Sep 6, 2023  TIME: 5:19 pm

   I served the party by substituted service.

   I left the documents listed in Item 2 with or in the presence of
   JANE DOE, COMPETENT MEMBER OF THE HOUSEHOLD.

   Physical Description: Age: 35; Race: WHITE; Gender: Female; Wgt: 140; Hgt: 5'9"; Hair: Brown; Eyes: Brown;

   (1)☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2)☒ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3)☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

5.b(4)  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where copies were left (Code Civ. Proc. Section 415.20). I mailed the documents on Sep 6, 2023 from Glendale

   5. Due Diligence: I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the summons) was completed as follows: an individual defendant.



7.a. RIGOBERTO TELLEZ
b. C/O United Legal
1128 E 6th St, Suite 2 Corona, CA 92879
c. 855-401-8834
d.Fee: $48.00

e. California Registered Process Server
Independent Contractor (not employee)
Registration # 201483953
County: LOS ANGELES

FILE BY FAX

8. I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.
DATE: 09/07/2023

RIGOBERTO TELLEZ - FILE BY FAX

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev, Jan 1, 2007]

Code of Civil Procedure, Sec 417.10

MC-031

| PLAINTIFF / PETITIONER: | CSCDA Community Improvement Authority | CASE NUMBER: |
|---|---|---|
| DEFENDANT / RESPONDENT: | Nichole Creary;All Unnamed Occupants; | 23PDUD03094 |

## DECLARATION OF DILIGENCE

(This form must be attached to another form or court paper before it can be filed in court.)

1) Unsuccessful Attempt: Sep 1, 2023, 8:37 pm PDT at HOME: 540 North Central Avenue B-215, Glendale, CA 91203

No answer. Still occupied per neighbor.

2) Unsuccessful Attempt: Sep 3, 2023, 7:18 am PDT at HOME: 540 North Central Avenue B-215, Glendale, CA 91203

No answer. Quiet inside.

3) Unsuccessful Attempt: Sep 5, 2023, 9:49 am PDT at HOME: 540 North Central Avenue B-215, Glendale, CA 91203

No answer. Quiet inside.

4) Successful Attempt: Sep 6, 2023, 5:19 pm PDT at HOME: 540 North Central Avenue B-215, Glendale, CA 91203 received by JANE DOE, COMPETENT MEMBER OF THE HOUSEHOLD. Age: 35; Ethnicity: WHITE; Gender: Female; Weight: 140; Height: 5'9"; Hair: Brown; Eyes: Brown;

FILE BY FAX

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   09/07/2023

RIGOBERTO TELLEZ
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for      ☐ Plaintiff    ☐ Petitioner    ☐ Defendant
☐ Respondent       [X] Other (Specify): Process Server

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev.July 1, 2005]

ATTACHED DECLARATION

Page 1 of 1

## PROOF OF SERVICE

I am over 18 years of age and not a party to the within action; my business address is
312 W. Fifth St. #512, Los Angeles CA 90013

On Jan 2, 2024, I served a true copy of:

**Notice of Removal**

to:      Chris Evans
Kimball Tirey & St. John LLP
915 Wilshire #1650
Los Angeles CA 90017
LALTElectronicService@kts-law.com
chris.evans@kts-law.com

by:
(x)  ELECTRONICALLY.  The document was served electronically under CCP § 1013b.
My email addresses are jeremy@caltenantlaw.com and info@jcooklaw.com .

()  AS FOLLOWS.  I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice, it would be deposited within U. S.
Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in
the ordinary course of business.  I am aware that on motion of the party served, service is
presumed invalid if postal cancellation date of postage meter date is more than one day after the
date of deposit for mailing in affidavit.

I certify under penalty of perjury, under the laws of the State of California and the United
States that the foregoing is true and correct.

Executed on Jan 2, 2024 at Los Angeles, California.

Jeremy Cook, Declarant